{¶ 12} In State v. Comer, 99 Ohio St. 463, 2003-Ohio-4165, the Supreme Court of Ohio resolved a conflict in the lower courts over what "on the r ecord" means with respect to felony sentencing. By interpreting these words to mean "oral findings * * * at the sentencing hearing," Id. at ¶ 26, the Supreme Court has ensured that felony sentencing will be more complicated for the trial courts.
 {¶ 13} As of July 1, 1996, trial courts navigate through a sea of findings which must be made under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, an d 2929.14, and at least for maximum and consecutive sentences, give the "reasons" for the specific findings. State v.Edmonson (1999), 86 Ohio St.3d 324, 326-327. The new statutes, however, were not designed to hamper a judge's exercise of discretion within the parameters of a range for a particular felony. See, State v. Arnett
(2000), 88 Ohio St.3d 208, 215-217 (unanimous opinion upholding judicial discretion in sentencing).
 {¶ 14} Hofmann's sentence was not "contrary to law" by being greater than the permissible range of incarceration for this type of offense. He w as simply not given a minimum sentence as a first time felon. The court is not required to give reasons for the findings with respect to giving more than a minimum sentence; it is merely to make those findings. Edmonson, supra. at the syllabus. Here, the sentencing judge made the appropriate findings within the sentencing entry itself — where a court formally speaks when the entry is journalized.Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, paragraph three of syllabus. The sole problem was the judge simply did not use the appropriate incantation at the moment of sentencing.
 {¶ 15} I must agree with reversal and remand because the trial court did not say the talismanic language from R.C. 2929.14(B): "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Unfortunately, particularly in courts handling a high volume of cases, the pitfall that Comer has now created may cause more sentences such as Hofmann's to be returned for a mere recitation "on the record," even though the specific language deemed necessary was found in the court's judgment entry of sentence. The General Assembly surely did not intend for the court's discretion to be bound up in mere formalities such as this.